## SUPREME COURT.

### WALTON agt. BRYENTH.

The provision of the United States Internal Revenue Act, of July 1, 1862, requiring a *stamp* upon every *summons* or *original proceedings,* issued by state courts, is *illegal and unconstitutional.*

*New York Special Term, February,* 1863.

AN order had been obtained to vacate the proceedings in this case, on the ground that the summons had been filed without an adhesive stamp, as required by the United States Internal Revenue Act, approved July 1, 1862.

EDMON BLANKMAN, defendant's counsel, contended that the provisions of the statute rendered all original proceedings invalid and of no effect unless stamped.

EDWIN JAMES, plaintiff's counsel, argued that congress had no power to interfere with the proceedings of the state courts. It was doubtful whether they had the power to impose the penalty of $50; but if they could render the proceedings in state courts invalid, they usurped a power that was illegal and unconstitutional. If they could impose a duty of six cents upon a summons, they could, upon the same principle, lay a duty which would amount to a prohibition, and thus paralyze the whole system of administering justice in the state tribunals.

BARNARD, J., decided to dimiss the order. Congress had no right to interfere with the proceedings of the state courts. In his judgment, the provision was illegal and unconstitutional. Congress might impose a penalty, but could not invalidate the proceedings of the state courts; he would facilitate any appeal from his decision, upon a question of so much importance.